UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD GORE                                              CIVIL ACTION

VERSUS

CHRISTOPHER ROBERTSON, ET AL.              No. 14-00749-BAJ-RLB

RULING AND ORDER

Before the Court is the **Magistrate Judge's Report and Recommendation (Doc. 42)** on Plaintiff Leonard Gore's ("Gore" or "Plaintiff") **Motion to Remand (Doc. 10)**. Plaintiff seeks to remand his negligence and product liability action to the 19th Judicial District Court of Louisiana's East Baton Rouge Parish. The Magistrate Judge recommends remand. Defendant General Motors ("GM") has timely filed objections to the Magistrate Judge's report. (Doc. 43). The Magistrate Judge heard oral arguments on the Motion to Remand (Doc. 35), and the District Judge heard oral arguments on GM's objections to the Magistrate Judge's report (Doc. 50). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. For the reasons stated below, the Court **DECLINES TO ACCEPT** the **Magistrate Judge's Report and Recommendation (Doc. 42)**, and Plaintiff's **Motion to Remand (Doc. 10) is DENIED**.

1

## I. BACKGROUND

### A. Gore's Allegations

Gore alleges that on the morning of August 3, 2012, Defendant Christopher Robertson ("Robertson") was operating a tractor and trailer on a highway in Denham Springs, Louisiana when Robertson began to fall asleep at the wheel and, consequently, hit Gore's van from behind. (Doc. 3-1 at p. 2). Plaintiff further claims that during the impact, he was "violently thrown rearward, coming out of the seat and striking various parts of the subject vehicle as he left the confines of his seat and the drivers' side occupant space" when the driver's side seat "failed and collapsed rearward." (Id. at p. 28). Gore asserts that the injuries he sustained in the accident would either not have occurred or would have been less severe if the driver's side seat had not malfunctioned due to a defective design. (Id.). Plaintiff contends that his vehicle was "designed, manufactured, and sold by Defendant GM." (Id. at p. 27). Gore maintains that he "sustained severe and painful injuries" for which he seeks damages. (Id. at p. 4).

### B. Procedural History

Plaintiff filed his Petition for Damages in the 19th Judicial District Court of Louisiana's East Baton Rouge Parish on July 30, 2013. (Id. at p. 2). The defendants named in the original petition were Robertson; Robertson's employer, Adam & Mia Trucking, LLC "(Adam & Mia"); and State Farm Fire and Casualty Insurance Company ("State Farm"), who served as insurer to Robertson and Adam & Mia Trucking, LLC. (Id. at p. 2–4). Plaintiff alleged various negligence claims

against the original defendants. (*Id.* at p. 3). On February 27, 2014, Gore sought leave to file a Supplemental and Amending Petition for Damages in state court that added GM as a defendant and alleged three violations of the Louisiana Product Liability Act. (*Id.* at p. 23–24, 27–32). The state court granted Gore leave to file the amended petition on March 5, 2014. (*Id.* at p. 26). On Plaintiff's motion, the Court also granted Plaintiff leave to file a Second Supplemental and Amending Petition for Damages in state court on March 27, 2014 that named First Financial Insurance Company ("FFIC"), Adam & Mia's additional insurer, as a defendant. (Doc. 5 at p. 1–6).

After receiving a $987,894 payment from State Farm, Gore provided State Farm an "unlimited release" from his claims, and provided Robertson and Adam & Mia a "limited release" from the action. (Doc. 42 at p. 3). On April 17, 2014, Defendants Robertson, Adam & Mia, and State Farm obtained a *Gasquet* release upon a joint motion to the state court, which allowed the parties to remain nominal parties in the action so that the Plaintiff could continue with his direct action against FFIC. (*Id.*). FFIC then answered the Second Supplemental and amending Petition in June 2014, and filed for summary judgment in state court on November 19, 2014. (*Id.* at 3).[1] GM claims it was with this filing that it realized that FFIC was improperly joined and that the case may be removable. (*Id.* at p. 4).

---

[1] FFIC also filed for summary judgment in this Court on January 6, 2015. (Doc. 11). The motion was terminated as moot on August 5, 2015 (Doc. 51) when the Court granted FFIC's Joint Motion for Partial Dismissal. (Doc. 37). The claims against FFIC were dismissed with prejudice. (Doc. 51).

GM removed the instant action to this Court on December 2, 2014 (Doc. 1),[2] and Gore moved to remand the action to state court on the ground that the removal was untimely (Doc. 10). GM opposed Gore's Motion to Remand and contemporaneously filed a Motion for Oral Argument on January 23, 2015. (Docs. 13, 14). On March 23, 2015, the Magistrate Judge granted Gore leave to file a Reply memorandum in support of his Motion to Remand (Doc. 29), and granted Gore's Motion for oral argument. (Doc. 28). The Magistrate Judge heard oral arguments on the Motion to Remand on April 14, 2015. (Doc. 35). After the hearing, the GM filed additional memoranda in opposition to the Motion to Remand. (Docs. 36, 41).

On May 27, 2015, the Magistrate Judge issued his report which recommended that the Motion to Remand be granted. (Doc. 42). GM timely filed objections to the report on June 10, 2015, and on June 15, 2015, sought oral argument before the district court. (Docs. 43, 44). The district court granted the motion for oral argument (Doc. 46), which was held on July 6, 2015 (Doc. 50).

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 636, a United States Magistrate Judge may propose findings and recommendations to the Court for de novo review. 28 U.S.C. § 636(b)(1). Within fourteen days after being served with a copy of the Magistrate Judge's findings and recommendations, any party may serve and file written objections to the report in the manner provided for by the Court's local rules. *Id.*

---

[2] GM filed Amended Notices of Removal in this Court on December 3, 2014 (Doc. 3) and December 8, 2014 (Doc. 8).

The District Judge has the discretion to follow the Magistrate Judge's recommendation, or to modify or reject any portion of it. *Id.*; *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The District Judge retains "[t]he authority and the responsibility to make an informed, final determination . . . ." *Mathews*, 423 U.S. at 271.

## III.   ANALYSIS

The Court must decide whether GM's notice of removal was timely filed. The Court agrees with the Magistrate Judge's recommendation that, pursuant to 28 U.S.C. § 1446(b)(3), GM properly removed this action within 30-days of receiving information sufficient to allow GM to ascertain that FFIC was improperly joined and that the action was removable. (Doc. 42 at p. 7–12). However, the Court declines to adopt the Magistrate Judge's recommendation that GM's notice of removal was not timely filed because GM attempted to remove the action beyond the one-year period set forth in 28 U.S.C. § 1446(c).

The relevant federal statute instructs that a diversity action may not be removed pursuant to § 1446(b)(3) "more than 1 year after commencement of the action . . . ." 28 U.S.C. § 1446(c). A state's own rules of procedure govern when an action is "commenced" in state court. *E.g., Braud v. Transport Serv. Co. of Ill.*, 45 F.3d 801, 803 (5th Cir. 2006). Article 421 of the Louisiana Code of Civil Procedure directs that a civil action "is a demand for the enforcement of a legal right" that "is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction." LA. CODE CIV. PROC. art 421; *see also James v. Formosa*

*Plastics Corp. of La.*, 2001-2056, p. 5 (La. 4/3/02); 813 So.2d 335, 338 (holding that under art. 421, an action "is commenced by the filing of a pleading presenting the demand to the court").

The Louisiana Supreme Court has long noted a clear distinction between an "action" or a "demand" and a "cause of action." *Hayes v. Muller*, 243 So.2d 830, 834 (La. Ct. App. 1971) (citing *Hope v. Madison*, 192 La. 593, 188 So. 711 (1939)). A "cause of action" is alleged in pleadings by stating "the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the Facts which constitute the latter's wrong." *Id.* However a lawsuit's "demand . . . is not synonymous with the 'cause of action' therein" and is better defined as "the object of the suit." *Id.* Further, "an Action which states a Cause of action may conclude with more than one demand." *Id.*

In *Hayes*, the same plaintiffs filed two separate and successive actions approximately six years apart, both based on the same facts and against the same defendant. *Id.* at 831–833. The factual allegations of each action were "almost identical," but the actions made different demands based on different theories of recovery. *Id.* at 835. In the first of the two actions, the plaintiffs initially filed a petition alleging breach of an oral contract, and demanded specific performance and, in the alternative, an accounting. *Id.* at p. 835. The Louisiana Supreme Court maintained the defendant's exception of no cause or right of action granted by the trial court and dismissed the suit based on the initial pleading. *Id.* at 832. Shortly after the dismissal, the plaintiffs filed a "Supplemental and Amending Petition" in

6

the same lawsuit. *Id.* at 832. In the second pleading, the plaintiffs presented a legal theory of quantum meruit, and demanded money damages from the defendant. *Id.* The Louisiana Supreme Court also dismissed the supplemental and amending petition because "there was no petition for plaintiffs to amend and no suit in which an alternative demand could be made." *Id.* In response, the plaintiffs filed a second, separate lawsuit, based on the same cause of action, also seeking to recover from the defendant under theories of quasi-contract, quantum meruit, and/or unjust enrichment. *Id.* at 832. Louisiana's Third Circuit Court of Appeal reversed the trial court's ruling that the second action was prescribed by the liberative prescription of ten years as provided by statute, and held that "the 'thing demanded' in the instant suit is not the same as the thing demanded in the prior suit" because both the relief sought and the theories of recovery were different, even though both types of relief were based on the same cause of action. *Id.* at p. 838.

The court's holding in *Hayes* is instructive in the instant action. Here, Plaintiff filed an action with two demands for enforcement of legal rights under two different legal theories against different sets of defendants in two different pleadings with the same cause of action. The first demand sought enforcement of the right to be free from injury under a negligence theory against defendants Robertson, Adam & Mia, and State Farm in the original Petition for Damages. (Doc. 3-1 at p. 2–5). The second demand sought enforcement of the right to be free from injury under a products liability theory against defendant GM in the Supplemental and Amending Petition for Damages. (Doc. 3-1 at p. 27–31). The two

7

demands were presented to a court of competent jurisdiction in separate pleadings. As such, the single cause of action led to the presentation to the court of two different demands in two different pleadings that can be construed as having two different commencement dates.

It is unclear whether this Court's prior ruling in *Howell* applies here because the *Howell* Court analyzed the language in § 1446 regarding the one-year limitation on the removal of a diversity suit independently of the requirements of state law. *See Howell v. St. Paul Fire & Marine Ins. Co.*, 955 F.Supp 660 (M.D. La. 1997). In *Howell*, the plaintiff filed a suit in state court against a defendant that was not initially removable because the amount in controversy did not meet the jurisdictional limit. *Id.* at 661 & n.1. Approximately two and one-half years after filing the original suit, the plaintiff filed an amended petition that added an additional claim against the original defendant that caused the amount in controversy to surpass the jurisdictional limit, and added a new defendant to the case. *Id.* at 661. The newly added defendant set forth the same argument that GM asserts here in contending that the suit was not commenced against it within the meaning of the removal statute until it was named as a defendant, and therefore, it timely removed the suit to federal court and the removal was not barred by the one-year limitation. *Id.* at 662. The Court examined only the language of the removal statute in holding that:

> There are only two classifications made in section 1446(b)–suits initially removable and those which are not. . . . If the suit is not initially removable, then both the one year limitation and the thirty-day period to remove apply. The one year limitation runs from the

date the suit is commenced, which in Louisiana is the date the suit was filed. The thirty-day period runs from the date the defendant receives the complaint by service or otherwise.[3]

*Id.* at 663. The *Howell* Court acknowledged that under Louisiana law, an action is commenced "by the filing of a pleading presenting a demand to a court of competent jurisdiction," but did not consider the nature of the demand or whether the "things demanded" of the original defendant and the new defendant are the same. Given this ambiguity, this Court declines to apply *Howell* to the facts here.

Alternatively, the *Braud* and *Abshire* cases cited by GM also support the proposition that the negligence claims that Plaintiff filed against the original defendants and the product liability claim that Plaintiff filed against GM have different commencement dates. *Braud* and *Abshire* both discussed the circumstances under which a new action may be commenced under the Class Action Fairness Act ("CAFA"). *Braud*, 445 F.3d at 804 ("A distinct issue, however, is whether an amendment of the complaint through the addition of a new defendant

---

[3] The relevant subsections of 28 U.S.C. § 1446 were altered effective 2012. The statute now reads:

"(b) Requirements; generally.—(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter . . .

(b)(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

(c) Requirements; removal based on diversity of citizenship.—(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

"commences a new suit for purposes of CAFA."); *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 273 ("We must therefore determine whether the filing of Abshire et al.'s ninth amended complaint 'commenced' a new suit for the purposes of CAFA."). In *Braud*, the Fifth Circuit cited long-standing Supreme Court precedent that addressed concerns of notice to the defendant and the "opportunity to make defense to the action" in support of its conclusion that a suit commences anew under the CAFA statute for a new defendant added to a CAFA action after the statute's effective date. *Braud*, 445 F.3d at 805 (quoting *United States v. Martinez*, 195 U.S. 469, 473 (1904)). The Circuit plainly held that it "would be a novel and unjust principle to make the defendants responsible for a proceeding of which they had no notice." *Id.* (quoting *Miller v. M'Intyre*, 31 U.S. (6 Pet.) 61, 64 (1832)). Additionally, the Circuit concluded that "a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, commenced by the process which brings him into court." *Id.* (quoting *Martinez*, 195 U.S. at 473). These rationales, although applied in *Braud* to a CAFA action, are not exclusive to CAFA actions; the reasoning there addressed concerns regarding due process that are fundamental to our judicial system in all categories of cases.

The *Abshire* Court declined to extend the Fifth Circuit's holding in *Braud* to its facts, not because these due process concerns were limited to CAFA actions, but because "the parties erred by focusing their analyses on *Braud*'s second holding, sparring over whether the ninth amended complaint 'provides (1) a new basis for

10

removal or (2) changes the character of the litigation so as to make it substantially a new suit.'" *Abshire*, 574 F.3d at 279 (quoting *Braud*, 445 F.3d at 806). The Circuit went on to explain that the *Abshire* parties put the proverbial cart before the horse by arguing whether an amendment to a complaint satisfies the § 1446(b) test for removability before determining whether a new suit had actually been commenced for proposes of CAFA. *Id.* The *Abshire* defendants sought to commence a new action because the plaintiffs filed a ninth amended complaint adjusting the definition of the proposed class and seeking attorneys' fees and costs. *Id.* at 271. The *Braud* exception, which the *Abshire* Court specifically explains was limited to a change that added new defendants, simply did not apply in *Abshire*. *Id.* at 275, 278. Nonetheless, the exception and its reasoning apply here.

In addition, the instant action differs from *Braud* and *Abshire* in that the additional claims that Gore filed against GM were not only filed against a new defendant who had no prior knowledge of the action, but were of an entirely different nature than the claims filed against the other defendants. In adding the new defendant in *Braud*, the plaintiffs simply extended the existing claims to a new defendant who plaintiffs contended was the owner and co-shipper of the chemical that allegedly spilled. *See Braud*, 445 F.3d at 802. As previously mentioned, the *Abshire* plaintiffs filed a ninth amended complaint adjusting the definition of the proposed class and seeking attorneys' fees and costs. *Abshire*, 574 F.3d at 271. In neither *Braud* nor *Abshire* did the plaintiff introduce an entirely new theory of liability, for which extensive new discovery would be required, against a defendant

11

who is entirely unrelated to the other defendants, as is the case here. Gore filed a claim related to an automobile accident against the original defendants; he filed a products liability claim against GM. Although both are negligence actions, the theories of liability and the discovery necessary to pursue and defend against the two theories are drastically different. Plaintiff would have this Court deny GM the opportunity to remove this action to federal court, even though Plaintiff would have the full panoply of legal and strategic opportunities available to him to pursue a new legal theory against a new defendant. As the Fifth Circuit has stated, "'[t]here is a constitutional right to a fair trial in a civil case.'" *Latiolais v. Whitley*, 93 F.3d 205, 207 (5th Cir. 1996) (quoting *Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993)). Gore's request here essentially asks the Court to allow him certain procedural advantages at GM's expense.

Lastly, the Court considers its own prior decision in *Day* and its applicability to the facts here. In *Day*, this Court adopted the Magistrate Judge's recommendation that the plaintiff's motion to remand be granted where the plaintiff added diverse defendants, while the case was in state court, with successive supplemental and amended petitions for damages, then reached a *Gasquet* settlement with the non-diverse defendants. *Day v. W. World Ins. Co.*, Civ. Action No. 14-00348-BAJ-SCR, 2014 WL 4373301, at *1–2 (M.D. La. Sept. 3, 2014). One of the diverse defendants argued that the action then became removable, even though more than four years had passed since the plaintiff filed the original petition. The defendant further argued that the one-year limitation on removal

should not be applied because of the equitable exception established by the Fifth Circuit in *Tedford*. *Id.* at *2; *see also Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428–29 (5th Cir. 2003) (holding that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one year limit in § 1446(b)[4] be extended."). This Court found that the diverse defendants "[had] not established that the plaintiffs acted in bad faith to prevent the defendants from timely removing the case" and granted the motion to remand. *Day*, 2014 WL 4373301, at *6. Here, GM does not assert bad faith by Plaintiff in its objections to the Magistrate Judge's recommendation and, as such, *Day* is inapposite. (*See* Doc. 43).[5]

Having carefully considered the Magistrate Judge's Report and Recommendation, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report and Recommendation is not correct, and elects not to adopt its conclusions of law.

Accordingly,

**IT IS ORDERED** that the Court **DECLINES TO ACCEPT** the **Magistrate Judge's Report and Recommendation (Doc. 42)** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand (Doc. 10)**

---

[4] *See supra*, note 3 at 9.

[5] As the Court has found that GM timely removed this action to federal court, the Court need not reach the issue of whether the advent of electronic filing necessarily dictates that the Clerk's Office was accessible for filing purposes on Friday, January 2, 2015.

13

is **DENIED**.

Baton Rouge, Louisiana, this 30th day of September, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**